```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

BILL BEIGL,                       )
                                  )
              Plaintiff,          )
                                  )
     v.                           )    No.  12 C 150
                                  )
NORTHWEST COLLECTORS, INC.,       )
                                  )
              Defendant.          )
```

## MEMORANDUM ORDER

Northwest Collectors, Inc. ("Northwest") has filed its Answer to the Fair Debt Collection Practices Act Complaint filed against it by Bill Beigl ("Beigl"). This sua sponte memorandum order is occasioned by two aspects of that responsive pleading.

To begin with, defense counsel has joined a substantial club (though frankly a single member of that club would be one too many) comprising lawyers who cannot seem to conform to the plain language of Fed. R. Civ. P. ("Rule") 8(b)(5). Instead of tracking the clear roadmap prescribed by that Rule for parties to get the benefit of a deemed denial (see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), Answer ¶¶9, 10 and 12 through 18 follow a different (and impermissible) path that requires rerouting.

Another instance of defense counsel's thoughtlessly mechanical pleading is found at Answer ¶¶22 through 24. In each of those instances counsel admits that the corresponding Complaint allegations accurately set out a portion of a quoted

statute and denies its violation--but the Answer goes on to say:

> Defendant denies each and every remaining allegation contained in paragraph --.

But there are no "remaining" allegations in those paragraphs of the Complaint, so that the "denial" in the response is meaningless.

Finally, counsel advances a First Affirmative Defense ("AD") of "bona fide error" (if any error did occur) because of the asserted "maintenance of procedures reasonably designed to avoid such error." But with the Complaint's allegations being accepted as true (as must be done for AD purposes), no explanation is provided as to why those claimed procedures did not prevent the asserted violations claimed by Beigl. Hence the AD in its present form is stricken, but without prejudice to its possible reassertion with proper support.

In sum, the several flaws in Northwest's pleading call for its being stricken in its entirety, so that a self-contained Amended Answer can be filed instead. That Amended Answer must be filed on or before March 16, 2012.

One last point: No charge is to be made to Northwest by its counsel for the added work and expense incurred in correcting counsel's errors. Northwest's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter

(not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 5, 2012